IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| COOPERATIVA DE AHORRO Y CREDITO TUCOOP,<br><br>Plaintiff,<br><br>v.<br><br>3G GREEN GOLD GROUP LLC,<br><br>Defendant. | CIVIL NO. 23-CV-01301 (RAM)<br><br>DECLARATRORY JUDGMENT |

**MOTION TO DISMISS THE COMPLAINT**
**FOR LACK OF FEDERAL JURISDICTION**

TO THE HONORABLE COURT:

Come now 3G Green Gold Group LLC ("3G" or "Defendant") through the undersigned counsel, and very respectfully alleges and prays:

**I. INTRODUCTION**

Cooperativa de Ahorro y Crédito TuCoop ("TuCoop") files this complaint for declaratory judgment under 28 U.S.C. § 2201, seeking a declaratory judgment from this Court stating that Tu Coop is entitled to close 3G's accounts in TuCoop, based on suspicious and/or illegal scheme related to the marijuana related business ("MRB") 3G operates in Puerto Rico. But, the dispute underlying this action broadly concerns matters of Puerto Rico law, in particular the service contract that TuCoop wants to terminate. However, this Court must understand that the real issue behind this case is TuCoop's retaliation for 3G shareholders' initiative to nominate and vote for directors at TuCoop's annual meeting held May 31, 2023. As an uncontested fact, TuCoop filed this complaint six (6) days after some 3G shareholders nominated and tried to vote for

directors in TuCoop annual meeting, and TuCoop refused to let 3G shareholders participate or vote.

For the reasons discussed below, 3G submits that the complaint in this case should be dismissed for lack of federal jurisdiction.

## II.   DISCUSSION

### A.   THE ACTION PRESENTS NO FEDERAL QUESTION

It is a fundamental principle that federal courts are courts of limited jurisdiction that can only hear cases that fall within their constitutional and statutory authority. *See* CHARLES ALAN WRIGHT, ARTHUR R. MILLER, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3522 (3d ed.). TuCoop claims jurisdiction in this case pursuant to 28 U.S.C. § 1331, which establishes the jurisdiction of federal districts courts in all civil actions arising under federal laws. A claim generally arises under federal law, within the meaning of Section 1331, if a federal cause of action emerges from the face of a well-pleaded complaint. *Viqueira v. First Bank*, 140 F.3d 12, 17 (1998). The Supreme Court of the United States has held that a case arises under federal law "if in order for the plaintiff to secure the relief sought he will be obliged to establish both the correctness and the applicability to his case of a proposition of federal law." *Franchise Tax Board of State of California v. Construction Laborers Vacation Trust*, 103 S.Ct. 2841, 2847 (1983).

The laws cited by TuCoop in the complaint to establish federal jurisdiction are not laws that provide TuCoop a civil cause of action. They are laws defining criminal conduct (18 U.S.C. §§1956, 1657, 1960) and laws that all financial institutions have to comply with (FIN-2014-G001), regarding their financial operations. Not one of the laws cited by TuCoop give TuCoop a civil cause of action to close 3G's accounts. Moreover,

TuCoop relies on assumptions of illegal actions by 3G, even if there is no federal or state investigation, there has has not been an accusation or determination by federal or state agencies of any wrongdoing by 3G.

### B.     FEDERAL DECLARATORY JUDGMENT ACT

A civil action pursuant to 28 U.S.C. §2201 does not establish Federal jurisdiction in civil actions.  The Declaratory Judgment Act itself confer subject matter jurisdiction to the U.S. district court, "but, rather, makes available an added anodyne for disputes that come within the federal courts' jurisdiction on some other basis." *Ernst & Young v. Depositors Economic Protection Corp.*, 45 F.3d 530 (1stCir. 1995) The Declaratory Judgment Act is simply procedural. Federal jurisdiction does not lie simply because relief is requested under the federal Declaratory Judgment Act. *Colonial Penn Group, Inc. v. Colonial Deposit Co.*, 834 F.2d 229, 232 (1stCir. 1987).   The Declaratory Judgment Act "neither imposes an unflagging duty upon the courts to decide declaratory judgment actions nor grants an entitlement to litigants to demand declaratory remedies." *Ernst & Young*, 45 F.3d at 534. The Court's discretion to grant declaratory relief is to be exercised with great circumspection. *Id.* at 535.

TuCoop seeks to terminate the business relationship with 3G, which is a contract action that arises under Puerto Rico contract law and should be filed in state court. TuCoop has not cited a federal law that gives it a civil cause of action to close 3G's account with TuCoop and relies on assumptions of illegal actions by 3G, that have not been investigated or determined by any federal or state agency. All federal laws cited by TuCoop are criminal laws that do not give TuCoop a cause of civil action or are laws directed at how financial institutions can provide services to MRBs and how to proceed

when suspicious or illegal transactions are detected. In order to terminate the business relationship with 3G, this court would have to decide if any of the causes for termination in the contract between TuCoop and 3G are met. Clearly a claim under Puerto Rico law.

RESPECTFULLY SUBMITTED.

I HEREBY CERTIFY that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record.

In San Juan, Puerto Rico, this 4th day of August 2023.

**SÁNCHEZ / LRV LLC**
Attorneys for 3G Green Gold Group LLC
P.O. Box 11917
San Juan, P.R. 00922-1917
Tel.: (787) 522-6776
Fax: (787) 522-6777

*By: s/Alicia I. Lavergne-Ramírez*
ALICIA I. LAVERGNE-RAMÍREZ
USDC 215112
alavergne@sanchezlrv.com

*By: s/Gustavo J. Viviani Melendez*
GUSTAVO J. VIVIANI MELENDEZ
USDC 229513
gviviani@sansanchezlrv.com