UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| COOPERATIVA DE AHORRO Y CREDITO TUCOOP<br><br>Plaintiff,<br><br>v.<br><br>3G GREEN GOLD GROUP LLC<br><br>Defendant | CIVIL NO: 23-01301(RAM)<br><br>DECLARATORY JUDGEMENT |

## SUREPLY TO MOTION TO DISMISS

TO THE HONORABLE COURT:

**COMES NOW** plaintiff, Cooperativa de Ahorro y Crédito TuCoop ("TuCoop"), through the undersigned attorneys, and very respectfully Alleges and Prays as follows:

3G has filed a Reply insisting on the dismissal of the instant case for lack of federal jurisdiction. As a first argument, 3G states that TuCoop's decision to close the accounts of 3G is based on TuCoop's subjective "opinion" that certain transactions are suspicious. 3G's sentence is incomplete. Not only does TuCoop have the opinion that 3G's transactions are suspicious, but it also affirms that 3G was not capable of showing the opposite, despite an opportunity to do so. Because the applicable federal regulations allow each financial institution to decide whether it wants to entertain the risk of accepting a given client, TuCoop only needs to show that its "opinion" of suspicious activity is based on actual facts, such as the ones that TuCoop pleaded and submitted with the Complaint.

3G also avers that TuCoop did not include in the Complaint any evidence reflecting that it conducted suspicious transactions at TuCoop. TuCoop does not need to make such a showing. 3G is a client of TuCoop. As part of its due diligence and "know your customer" obligations, TuCoop

identified that 3G has been engaging in a suspicious scheme that seems to be a cover up for illegal activity, as per the priorities in the Cole Memo that were subsequently adopted in the FinCEN guidance. The Complaint did include evidence of such suspicious scheme. That is all that TuCoop needs to show to exercise its right to terminate its relationship with 3G.

3G then states that it did not threaten TuCoop with litigation. That is false. Specifically, counsel for 3G sent an email to TuCoop on May 8, 2023, making reference to a litigation hold letter dated February 17, 2023, that states "as you know, the controversy between TuCoop, NextGen and 3G regarding the banking relationship between them may result in litigation". As such, 3G asked TuCoop to preserve all evidence that would presumably be utilized in litigation. Any reasonable party receiving such kind of communication would certainly feel such communication was a threat of litigation.

3G also avers that the real issue behind this case is that TuCoop is retaliating for the initiative of 3G's shareholders to nominate and vote for directors at TuCoop's annual meeting held May 31, 2023. For sure, that is the position that 3G has taken in the multiple legal proceedings that it has taken against TuCoop in the corresponding administrative forum. But, in this case, TuCoop initiated action. Its action is not based on contracts nor on retaliation. TuCoop's Complaint concerns solely the federal statutes cited by TuCoop. If TuCoop has not acted earlier to close 3G's accounts it is only because it received a request from a federal enforcement agency asking that it refrain from said action. The time is ticking now. A judicial resolution declaring TuCoop's right to close 3G's accounts is necessary to avoid the risk of being unnecessarily dragged into litigation by 3G.

Contrary to 3G's assertion, TuCoop is not asking this Court to prosecute a criminal case. That is so because TuCoop's right to close the account of a customer does not derive from the existence of a criminal case nor from the ultimate conviction in a criminal case. As 3G acquiesced,

FinCEN's guidance establishes that "the decision to open, close, or refuse any particular account or relationship should be made by each financial institution based on a number of factors specific to that institution". As a financial institution, TuCoop has to make sure that its clients comply with federal laws. In this case, however, TuCoop may not ensure compliance as to 3G because it is disguising MRB purchases as legal purchases, the funds are subsequently transferred to the account of a business in Florida and then to a Colorado bank, wherein the account holder is a Swedish limited liability company that operates a trust for the benefit of a corporation in Nevis. That scheme by itself triggered three red flags in FinCEN's guidance. That is why TuCoop may elect not to take the risk that 3G presents to its compliance policies.

Finally, 3G insists that because the federal statutes at issue do not create a private cause of action, this Court does not have jurisdiction over the case. 3G is wrong. In this case, federal law creates a cause of action because FinCEN's guidance implicitly provides for the termination of a contract if certain red flags are met. Since the Court will need to evaluate the rights of TuCoop pursuant to such guidance and TuCoop has pleaded specific red flags involving the interpretation of federal statutes, TuCoop successfully pleaded a federal cause of action. *Koresko v. Murphy*, 464 F. Supp. 2d 463, 465 (E.D. Pa. 2006). Additionally, this case involves important and unresolved federal issues that enable jurisdiction. In particular, TuCoop has raised a dispute that involves a pure question of law that would govern the ongoing conduct of financial institutions that serve MRB's under applicable State law, but which are also bound to comply with federal laws and the applicable guidance. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005).

WHEREFORE, TuCoop requests the Court to deny 3G's motion to dismiss.

In San Juan, Puerto Rico, on this 30th day of August 2023.

| **S/ Osvaldo Carlo-Linares**<br>Osvaldo Carlo-Linares<br>USDC P.R. No. 126602<br>Tel. (787) 300-6483<br>Fax (787) 726-6456<br>Email: ocarlo@carlolaw.com | **S/ Lydia M. Ramos Cruz**<br>LYDIA M. RAMOS CRUZ<br>USDC/PR 214104<br>1509 López Landrón<br>American Airlines Bldg, PH<br>San Juan, Puerto Rico 00911<br>Tel: (787) 508-2525<br>E-mail:   lramos@ramoscruzlegal.com |
|---|---|