IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| COOPERATIVA DE AHORRO Y CREDITO TUCOOP,<br><br>**Plaintiff,**<br><br>v.<br><br>3G GREEN GOLD GROUP LLC,<br><br>**Defendant.** | **CIVIL NO. 23-1301 (RAM)** |

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant 3G Green Gold Group LLC's ("3G") *Motion to Dismiss the Complaint for Lack of Federal Jurisdiction* ("*Motion*"). (Docket No. 16). For the reasons set forth below, Defendant's *Motion* is **GRANTED**.

I. BACKGROUND

Plaintiff is the Cooperativa de Ahorro y Credito TuCoop ("TuCoop"). (Docket No. 1). On June 7, 2023, it filed a *Complaint* seeking declaratory judgment under 28 U.S.C. § 2201, the Declaratory Judgment Act. Id. ¶ 1. 3G is a Puerto Rican limited liability company that holds accounts at TuCoop, a Puerto Rican chartered credit union. Id. ¶¶ 5-6. Plaintiff alleges that Defendant, which owns and operates medical cannabis or marijuana dispensaries, is disguising marijuana-related transactions to circumvent the Bank Secrecy Act ("BSA"), guidance promulgated by

the Financial Crimes Enforcement Network, and the requirements of the Federal Reserve Bank of New York. Id. ¶ 24. Accordingly, and anticipating litigation from 3G, TuCoop petitions the Court to declare that it may close Defendant's accounts. Id. ¶ 26.

Defendant filed the present *Motion* on August 4, 2023. (Docket No. 16). It argues that the Court has no subject matter jurisdiction under 28 U.S.C. § 1331 because the underlying dispute between the parties is a matter of Puerto Rico contract law and a civil action pursuant to 28 U.S.C. § 2201 does not establish federal jurisdiction. Id. On August 18, 2023, Plaintiff filed its opposition, asserting that federal jurisdiction is proper because the parties' central issue arises under federal money laundering laws and banking regulations. (Docket No. 19). Defendant replied on August 28, 2023 and Plaintiff sur-replied on September 1, 2023. (Docket Nos. 24 and 27).

## II.  APPLICABLE LAW

Federal courts are courts "of limited jurisdiction, limited to deciding certain cases and controversies." Belsito Commc'ns, Inc. v. Decker, 845 F.3d 13, 21 (1st Cir. 2016). The party "asserting jurisdiction, here the plaintiff[], ha[s] the burden of demonstrating the existence of federal jurisdiction." Acosta-Ramirez v. Banco Popular de Puerto Rico, 712 F.3d 14, 20 (1st Cir. 2013). Federal question jurisdiction as conferred by section 1331

is proper "when a plaintiff's complaint is based on a right conferred under federal law." Templeton Bd. of Sewer Comm'rs. v. Am. Tissue Mills of Massachusetts, Inc., 352 F.3d 33, 36 (1st Cir. 2003) (citing Oneida Indian Nation v. Cnty. of Oneida, 414 U.S. 661, 666 (1974)). To determine if a complaint arises under federal law, the court must first determine whether the plaintiff alleges a federal cause of action or whether "some element of the claim depends on the resolution of a substantial, disputed question of federal law." Id. In considering a defendant's Rule 12(b)(1) motion, a district court "must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010) (citation omitted).

### III. DISCUSSION

In this action, TuCoop brings one claim under the Declaratory Judgment Act. In relevant part, the statute states:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). However, "the operation of the Declaratory Judgment Act is procedural only." Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240 (1937). Although it "enlarged the range of remedies available in the federal courts," the Declaratory Judgment Act "did not extend their jurisdiction." Skelly Oil v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950). When a declaratory judgment action is brought in anticipation of defending against a state-created action, "it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court." Colonial Penn Grp., Inc. v. Colonial Deposit Co., 834 F.3d 229, 232-33 (1st Cir. 1987) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Tr. for Southern California, 463 U.S. 1, 15-17 (1983)). To put it in simpler terms, the Declaratory Judgment Act cannot confer subject matter jurisdiction in cases where it would not otherwise exist. New England Patriots Fans v. Nat'l Football League, 2016 WL 3248207, at *2 n.2 (D. Mass. 2016).

3G avers that the laws and regulations cited by TuCoop in the *Complaint* do not confer a private right of action. (Docket No. 16 at 2). Defendant is correct, and accordingly, Plaintiff cannot transform its *Complaint* into one that raises a federal question. See AmSouth Bank v. Dale, 386 F.3d 763, 777 (6th Cir. 2004) (noting the BSA does not create a private right of action and dismissing

Civil No. 23-1301 (RAM)                                                5

claim as an inappropriate declaratory action); Trudel v. SunTrust Bank, 223 F. Supp. 3d 71, 90 (D.D.C. 2016) (dismissing declaratory relief count because neither the anti-money laundering provisions of the Patriot Act nor the BSA create a private right of action and citing cases). Rather, TuCoop seeks declaratory judgment because it wishes to close 3G's accounts and seeks to forestall anticipated litigation regarding such closure. (Docket Nos. 1 ¶¶ 20-21 and 19 at 5). Plaintiff is using the Declaratory Judgment Act to deliver a "preemptive strike" against a prospective state court action by Defendant. Colonial Penn, 834 F.2d at 233. In this scenario, the jurisdiction of a federal court is dubious at best. Id. Moreover, in both its opposition and its sur-reply, TuCoop fails to cite to any authority indicating that the specific statutes and regulations denoted in the *Complaint* permit private rights of action.[1] Because Plaintiff's sole claim is actually a preemptive defense to a state law claim, it has not met its burden to assert federal jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1] Plaintiff's lone citation in the sur-reply to Koresko v. Murphy, 464 F. Supp. 2d 463, 465 (E.D. Pa. 2006), is inapposite. In that case, the plaintiff tried to avoid federal jurisdiction by **omitting** a federal statute's **express private cause of action** from the complaint. Id. at 469 (discussing 49 U.S.C. § 32710(b), and not the statutes referred to by TuCoop). Plaintiff here cannot omit that which does not exist.

## IV. CONCLUSION

For the foregoing reasons, Defendant's *Motion to Dismiss the Complaint for Lack of Federal Jurisdiction* at Docket No. 16 is **GRANTED**. Plaintiff's *Complaint* is dismissed for lack of federal jurisdiction. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 7th day of November 2023.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE